UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LAVONNA LOUISE RINGO,<br><br>        Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>        Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:16-cv-00186<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes LAVONNA LOUISE RINGO ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of the conduct of I.C. SYSTEM, INC. ("Defendant") as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 37 year old natural person residing at 1517 Elkin Avenue, Apartment 2, New Albany, Indiana, which lies within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7. Defendant identifies itself as "a dedicated and talented collection of Accounts Receivable Management experts."[1]  With a principal office located at 444 Highway 96 E, Vadnais Heights, Minnesota, Defendant is in the business of collecting consumer debts for others throughout the country, including in Indiana.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. In approximately August 2016, Plaintiff started receiving phone calls to her cellular phone, (812) XXX-6851, from Defendant.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

---

[1] http://www.icsystem.com/about-us/

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of cellular phone ending in 6851. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. The phone number that Defendant has most often used to call Plaintiff from is (603) 414-1921. *See* Exhibit A.

14. Upon information and belief, the phone number ending in 1921 is regularly utilized by Defendant during its debt collection practices against consumers in Indiana.

15. When Plaintiff answers calls from Defendant, she experiences a noticeable pause, approximately five second in length, before a live representative begins speaking. Plaintiff regularly has to say "hello" several times before getting a response from Defendant. *Id.*

16. Defendant has advised Plaintiff that it was acting as a debt collector and was calling her for the purpose of collecting on debt. *Id.*

17. Upon information and belief, Defendant has contacted Plaintiff seeking payment of a consumer obligation that she defaulted on. *Id.*

18. On several occasions, Plaintiff has informed Defendant that she cannot make payment as the majority of her money is devoted to the care of her elderly father. *Id.*

19. Defendant has made various threats to Plaintiff, including that it would file a lawsuit against her, if she did not make payment. *Id.*

20. Plaintiff has made multiple requests to Defendant to cease calling her cellular phone. *Id.*

21. Despite Plaintiff's prompts, Defendant has continued to regularly call her with attempts to collect. *Id.*

22. Defendant has called Plaintiff multiple times during the same day. *Id.*

23. Since the beginning of August 2016, Plaintiff has received not less than 25 calls to her cellular phone from Defendant. *Id.*

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

25. Plaintiff has expended money purchasing an application on her cellular phone to block Defendant's calls. *Id.*

26. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

27. Plaintiff has suffered financial loss as a result of Defendant's conduct.

28. Plaintiff has been unfairly harassed by Defendant's actions. *Id.*

29. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The FDCPA states:

> "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known to be inconvenient to the consumer." 15 U.S.C. §1692c(a)(1).

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number."  15 U.S.C. §§1692d and d(5).

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
> 15 U.S.C. §§1692e and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

32. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(5), e(10) and f through its communications and actions towards Plaintiff. Armed with the desire to secure payment from Plaintiff on defaulted consumer debt, Defendant engaged in a purposeful and systematic operation to unfairly harass and mislead her. Through a concentrated automated calling campaign, Defendant placed a litany of calls to Plaintiff's cellular phone. Despite informing Defendant that she desired for the calls to cease, Defendant continued to contact Plaintiff. This conduct by Defendant served to frustrate and harass Plaintiff.

33. When Plaintiff did engage in conversation with Defendant, she was unfairly misled and harassed by its threats, including that a lawsuit would be filed against her. As evidenced by its conduct, Defendant had no intention of filing a lawsuit against Plaintiff at the time the threat to do so was made.

34. The conglomeration of calls as well as Defendant's conduct on the same, naturally served to harass and confuse Plaintiff. Defendant engaged in conduct it knew would be harassing to Plaintiff with the hopes that it would result in payment.

35. As plead in paragraphs 24 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LAVONNA LOUISE RINGO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

38. Defendant used an ATDS in connection with its collection communications directed towards Plaintiff. The several second pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Plaintiff was required to say "hello" several times before a Defendant clicked over to speak with her. The frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

39. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the originator of the

consumer debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made numerous demands to Defendant to cease contacting her.

40. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LAVONNA LOUISE RINGO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection attempts towards Plaintiff.

44. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An

>act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
>"Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

45. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

46. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

47. Defendant's collection calls and actions towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

48. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting her. However, Defendant ignored these prompts in an abusive attempt to procure payment from Plaintiff.

49. Placing numerous calls after being told to stop was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

50. Defendant also made harassing representations to Plaintiff, threating legal action if payment was not made. Neither Defendant nor any other party had any intention of initiating legal proceedings against Plaintiff. Defendant made false and harassing statements with the hopes they would scare Plaintiff into making payment.

51. In violating the TCPA, Defendant engaged in illegal behavior during its communications towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

52. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

53. Plaintiff made a good-faith attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

54. Defendant's actions are against public policy and routinely subject consumers to unwanted harassment.

55. As pled in paragraphs 24 through 29, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, LAVONNA LOUISE RINGO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 27, 2016          Respectfully submitted,

                                              s/ Nathan C. Volheim
                                              Nathan C. Volheim, Esq. #6302103
                                              Counsel for Plaintiff
                                              Admitted in the Southern District of Indiana
                                              Sulaiman Law Group, Ltd.
                                              900 Jorie Boulevard, Suite 150

Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com